A. Wright, special Judge,
delivered the opinion of the Court.
This is an action of ejectment in the Circuit Court of Obion county, by the heirs at law of R. T. Merriwether, to recover a tract of land in said county. Verdict and judgment were rendered for the defendants, and the plaintiffs, appeal in error to this court. The suit was instituted on the 25th of November, 1853. The plaintiffs deraign title under a grant to Wheaten & Tisdale, for two thousand acres, and the defendants under a grant to Edward Thursby, for one thousand *449 nine hundred acres — the latter grant being the older of the two. The entries on which these grants were founded, appear to have been surveyed in the month of November, 1824, by the same surveyor; and in the calls of the grant and survey of Wheaton & Tisdale, an ash marked J. C., and an elm on the north boundary of Edmond Thursby’s one thousand nine hundred acre survey, is fixed on the south-east corner of the grant — thence west with his line six hundred and seventy-three poles, to a hickory marked I. C., his north-west corner, on the east boundary of G. W. L. Marr’s three hundred and twenty acre survey. And the Thursby survey, in like manner, calls to begin at a hickory marked I. C., on the east boundary of George W. L. Marr’s three hundred and twenty acre survey, fifty-six poles north from his south-east corner, thence east seven hundred and seventy-nine poles to an ash, marked I. C. — thus making the southern boundary of the Wheaton & Tisdale grant, and the north boundary of the Thursby grant', a common line.
A hickory, marked I. C., is found some distance south of the above line, in the eastern boundary of an entry, in the name of said Marr, for two hundred: and fourteen acres, and a- line running east from that point to an ash marked I. G.; and the land in dispute is a strip lying between this line and the line' running east from the point fifty-six poles north, of the south-east corner of the three hundred and twenty acre survey. The plaintiffs claim, that the southern line is the true dividing line between these two grants, and that they have a right to go to it. While on the other hand, the defendants deny this, and. insist *450 that the line running east from the point fifty-six poles, north of the south-east corner of the three hundred and twenty acre survey, is the true line, and that the plaintiffs must be restricted in their claim to this line. There is much proof in the record as to which of these lines is the true one, but we deem it necessary only to refer to such portions of it as may be applicable to that part of the charge of the Circuit Judge which is excepted to, and on which, we think, the case must turn. The proof shows, that about the year 1832, R. T. Merriwether, the ancestor of the plaintiff, with a view to a purchase of the land, had a line run and mai-ked from the point fifty-six poles north of the south-east corner of the Marr three hundred and twenty acre survey, east to the .lake, for the south boundary of the Wheaton & Tisdale grant; that afterwards, in 1835 or 1836, he purchased and took a deed for a part of this grant, claiming this line as-his south line, and as the true south boundary of the Wheaton & Tisdale grant, and claimed no land south of this line; that he continued so to claim till his death in 1840, and that his widow and heirs have so held and claimed ever since — never claiming any land south of said line, until about the commencement of this suit; that R. T. Merriwether in his lifetime believed this the true line, as well as many others in the neighborhood — that in the month of March, 1848, the defendant, L armón, regarding this as the true line, and being influenced, no doubt, by the conduct of R. T. Merriwether and his family, in fixing it, purchased and became owner of a large part of the Thursby grant, at the price of $5,275, being the northern part *451 of the grant — that he took a deed and possession» claiming to this line as the true one, and has so held and claimed ever since — that when he purchased this land he lived in the State of Kentucky, and while examining it with a view to its purchase, he made Mrs. Merriwether’s his home, and we are led to believe, from the proof in the record, that no objection whatever was made to the purchase or possession by any one, until about the time of the commencement of this suit by the plaintiff.
On the trial, among the things not excepted to, the Circuit Judge charged the jury, that if Merriwether, the ancestor of the plaintiff, in his lifetime, entertained a doubt as to where the true line was, and run Ms line before he purchased, from the point called for in the entry; and then purchased the land, and for ¡a number of years claimed it as his line and held to it during his life, and whilst he was holding and claiming, the defendant purchased the Thursby tract up to this northern line; that in such a state of facts, he and his heirs would be bound by the line thus set up and claimed.
The plaintiffs also asked the Court to charge the jury, that if Larmon knew of the doubt and controversy about the locality of the division line between the Thursby and the Wheaton & Tisdale grants, at the time he purchased, he could not resist the right of the plaintiffs to go to their true line, on the ground of fraud or estoppel, which the Court refused to do.
The holding and claiming to this northern line as the true boundary of the plaintiffs, as the heirs of R. T. Merriwether, after his death, must have the same *452 effect in this controversy, as if he had lived down to the time of the defendant Larmon’s purchase, and continued to claim himself: and in this sense the charge is to be understood. Now, are not the plaintiffs, by their conduct, and that of their ancestor, es-topped, in pais, as between themselves and the defendants, to deny this northern line as the true boundary between their grants? We think they are. Mr. Greenleaf (1 vol. Ev. § 207,) says, “Admissions which have been acted upon by others, are conclusive against the party making them, in all cases between him and the person whose conduct he has influenced. It is of no importance whether they were made in express language to the person himself, or implied from the open and general conduct of the party. For in the latter case, the implied declaration may be considered as addressed to every one in particular, who may have occasion to act upon it. In such cases, the party is estopped, on grounds of public policy and good faith, from repudiating his own representations.” We cannot doubt that Larmon believed this to be the true line, and acted accordingly in his purchase, and that he was led to do so by the conduct of R. T. Merriwether and his heirs. It is no answer to say, he knew of the doubt and controversy as to this line before he purchased, because we are unable to find in this record any evidence of any such knowledge on his part, to which the charge could apply; if he ever had any doubt as to the true line, it must have been dispelled by the conduct of R.' T. Merriwether and his heirs. The jury having found the facts to support the estoppel, we are entirely satisfied with their verdict, *453 and that the merits of the case have been reached. This case is distinguishable from Lewellen vs. Overton, 9 Humphreys, 76, and Rogers vs. White, 1 Sneed 69. These cases and a numerous class of the same kind, hold that when no definite, certain and known boundary line previously exists, the proprietors and owners of the adjoining lands may, by parol, agree upon a boundary, and both sides will at once be bound by the line thus established.
In this case, Merriwether, at the time he run and marked the north line, had no interest in the Wheaton & Tisdale grant, and if his conduct and that of his family had stopped simply there, it would have amounted to nothing. But we have seen, he and they did not do this; but that after having run and marked the line, he purchased and took his deed, and he and his family held and claimed to it as the true south boundary of the Wheaton & Tisdale grant for more than sixteen years, until Larmon’s rights intervened, in such a case, we hold the plaintiffs are now estopped, as between them and Larmon, to claim any land south of this line.
Affirm the judgment